**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1448**

_____

OSMAN ELIAQUIN AMADOR HERNANDEZ,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals

_____

Submitted: February 14, 2025                    Decided: February 28, 2025

_____

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** Kevin P. Dougherty, LAW FIRM OF RUIZ DOUGHERTY, Herndon, Virginia, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Mona Maria Yousif, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Osman Eliaquin Amador Hernandez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's oral decision denying Amador Hernandez's applications for asylum and withholding of removal.[1]  We deny the petition for review.

First, we have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities.  We conclude that the record evidence does not compel a ruling contrary to any of the relevant factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive determination, affirmed by the Board, that Amador Hernandez failed to establish that the Honduran government would be unable or unwilling to control his private-actor persecutors, *see Portillo Flores v. Garland*, 3 F.4th 615, 626, 632-37 (4th Cir. 2021) (en banc) (discussing three elements of an asylum claim, particularly the "government control element").  *See Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) ("The issue whether the government was unable or unwilling to control the actions of a persecutor is a factual question that must be resolved based on the record in each case." (internal quotation marks omitted)); *see also Madrid-Montoya v. Garland*, 52

---

[1] We observe that Amador Hernandez has forfeited review of the denial of relief under the Convention Against Torture by failing to raise that issue in his brief in this court.  *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

F.4th 175, 179-80 (4th Cir. 2022) (observing that, "if the record plausibly could support two results: the one the agency chose and the one the petitioner advances," this court "must defer to the agency" (internal quotation marks and brackets omitted)).  Nor do we discern reversible error in the agency's treatment of Amador Hernandez's supporting evidence. *See Ren v. U.S. Citizenship & Immigr. Servs.*, 60 F.4th 89, 97 (4th Cir. 2023) (reaffirming principle that "so long as the agency has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented" (internal quotation marks omitted)).

Amador Hernandez next assigns error to the Board's holding that his claim-processing objection to deficiencies in the charging Notice to Appear (NTA) was not timely.  This argument relied on the Supreme Court's decision in *Pereira v. Sessions*, 585 U.S. 198 (2018), as expanded on in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021).  The Board relied on its precedential decision in *In re Fernandes*, 28 I. & N. Dec. 605 (B.I.A. 2022), to find that Amador Hernandez's objection to the NTA was not timely.  We likewise discern no error in this ruling.

In *In re Fernandes*, the Board held that an objection to a noncompliant NTA is generally subject to forfeiture if not raised "prior to the closing of pleadings before the Immigration Judge."  28 I. & N. Dec. at 610-11.  The Board explained that this guideline would "allow DHS an opportunity to remedy the noncompliant notice to appear before any substantive matters are discussed or determined."  *Id*. at 610.  Here, during his pleadings taken on September 17, 2012, Amador Hernandez, through counsel, conceded proper

3

service of the NTA and did not object to its omission of a hearing time and date. Later, at the end of his October 31, 2019, merits hearing, the immigration judge asked if there was "anything else from either lawyer before I close the matter today," to which Amador Hernandez's attorney responded in the negative. (J.A. 111).[2] Accordingly, the immigration judge closed proceedings without any objection regarding the NTA. *Pereira*, though, had issued more than a year earlier, on June 21, 2018.

Amador Hernandez did not object to the deficient NTA until September 2021, when counsel filed the administrative appeal brief with the Board. The Board correctly ruled that this did not qualify as a timely objection under *In re Fernandes*, a decision with which our sister circuits have agreed.[3] *Accord, e.g.*, *Sustaita-Cordova v. Garland*, 120 F.4th 511, 519 (5th Cir. 2024) (holding that because petitioner "failed to raise an objection to the NTA prior to the close of pleadings before the IJ, he forfeited any later claim-processing challenge to the NTA"); *Amador-Morales v. Garland*, 94 F.4th 701, 704 (8th Cir. 2024) (affirming Board's ruling "that *Fernandes* was not an intervening change in the law that would excuse his forfeiture of an objection to the NTA").

---

[2] Citations to the "J.A." refer to the Joint Appendix submitted by the parties.

[3] Even if we agreed that *Pereira* provides the more appropriate triggering date, because Amador Hernandez's pleadings were taken many years prior to *Pereira*'s issuance, the Board's timeliness ruling is nonetheless sound. Again, Amador Hernandez did not raise a *Pereira*-based argument at his October 2019 merits hearing, 16 months after *Pereira* issued. Nor did he raise it in the notice to appeal to the Board, which was filed a month later. Instead, he waited until the filing of his administrative appeal brief in September 2021 to raise the issue. We thus conclude that, under any construction, Amador Hernandez's objection to the NTA was not timely.

4

5

Accordingly, we deny the petition for review. *See In re Amador Hernandez* (B.I.A. Apr. 18, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*